IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Susan Gaddy, | ) | C.A. No. 6:09-837-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| The Guardian Life Insurance Company of | ) | |
| America, Berkshire Life Insurance | ) | |
| Company of America, Consolidated | ) | |
| Planning, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Consolidated Planning, Inc.'s ("Consolidated") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the court grants in part and denies in part Consolidated's motion.

## I. Factual and Procedural Background

Consolidated is an insurance agency. (Def.'s Mem. Supp. Mot. Dismiss 1.) Plaintiff Susan Gaddy ("Gaddy") applied for two insurance policies on February 3, 2001. (Pl.'s Mem. Opp'n Mot. Dismiss 2.) On May 14, 2001, Defendants The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") issued Gaddy a disability income policy and an overhead expense disability income policy. (Compl. ¶¶ 8-9.) Consolidated's agent sold the policies to Gaddy. On August 17, 2005, Gaddy became disabled. (Id. ¶ 10.) Gaddy "then contacted the Defendants to file a claim due to her disability." (Pl.'s Mem. Opp'n Mot. Dismiss 2.) Gaddy alleges that "Defendants have failed to provide the benefits due and owing under the policies." (Id.)

According to Gaddy, "Consolidated, by and through their agent, made a number of representations to [Gaddy] about the policies. [Gaddy] was advised by . . . Consolidated's agent that [certain] riders/exclusions were to be removed from the policies after two years of the policies being in effect, which apparently did not happen." (Id.) Gaddy is unaware whether "any riders or exclusions on the policies at the time of issue will continue to be used as a factor in denying [her] insurance claims." (Id.)

On April 10, 2009, Consolidated filed the instant motion to dismiss alleging that Gaddy's claims for breach of fiduciary duty, negligent misrepresentation, bad faith refusal to pay benefits, improper claims practice, and waiver and estoppel should be dismissed against Consolidated for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (Def.'s Mem. Supp. Mot. Dismiss 1-2.) Gaddy responded to the motion on April 28, 2009. Consolidated filed a reply on April 30, 2009.

## II. Discussion of Law

### 1. Rule 12(b)(6)

In federal court, a claimant must make only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [her] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). Furthermore, the court must treat the factual allegations of the nonmoving party as true. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

## 2. Collateral Estoppel

Gaddy asserts that the issues raised in the instant motion is barred by collateral estoppel because Consolidated's motion "is nearly identical to the Motion and supporting Memorandum filed and ruled on previously in this matter on March [2]3, 2009 prior to removal." (Pl.'s Mem. Opp'n Mot. Dismiss 1.) "Collateral estoppel prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action." Stone v. Roadway Express, 627 S.E.2d 695, 698 (S.C. 2006).

Consolidated filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the South Carolina Rules of Civil Procedure on December 16, 2008, while this case was pending in state court. Consolidated argued that the state court should grant its motion for judgment on the pleadings because (1) "[t]he Complaint contains no factual allegations specific to [Consolidated]" and (2) Gaddy's "tort claim for negligent misrepresentation is barred because a contractual relationship exists between the parties." (Def.'s Mem. Supp. J. Pleadings 1-3.) On March 23, 2009, the state court denied Consolidated's motion explaining that "dismissal of the Complaint is not the appropriate remedy." (April 28, 2009 State Court Order 2.) The state court did not address the sufficiency of each claim against Consolidated.

In its Rule 12(c) motion, Consolidated maintained that Gaddy failed to allege any well-pled factual allegations against Consolidated. (Def.'s J. Pleadings 2.) According to Consolidated, the "Complaint lumps all defendants together and makes no allegations specific to Defendant[] Consolidated . . . . [Consolidated] do[es] not know what claims are asserted against them or against other defendants." (Def.'s Mem. Supp. J. Pleadings 2.) Hence, Consolidated attacked the sufficiency of the factual allegations in the complaint arguing that the complaint

3

failed to specifically plead facts directly regarding Consolidated.  The court, however, held that

"[w]hile [Gaddy's] Complaint may be subject to a more definite statement, this Court finds that

dismissal of the Complaint is not the appropriate remedy."  (April 28, 2009 State Court Order 2.)

By contrast, in the instant Rule 12(b)(6) motion, Consolidated argues that taking the

factual allegations of the complaint as true, Gaddy fails to state a cause of action upon which

relief may be granted against Consolidated.  Aside from the negligent misrepresentation claim,

the instant motion raises new arguments in favor of dismissal that were not raised in the Rule

12(c) motion.  Consolidated argues that as to the breach of fiduciary duty, negligent

misrepresentation, bad faith refusal to pay benefits, improper claims practice, and waiver and

estoppel claims, the Complaint fails to state a claim against Consolidated as a matter of law.  The

court notes that Consolidated's argument with regard to negligent misrepresentation is, in part,

identical to its Rule 12(c) motion.  However, the court finds that Consolidated is not collaterally

estopped from raising this issue because the lower court did not expressly address this specific

issue and as explained below, this court denies Consolidated's motion to dismiss the negligent

misrepresentation cause of action.  Based on the foregoing, Consolidated's motion is not barred

by collateral estoppel.

### 3.  Breach of Fiduciary Duty

Consolidated moves to dismiss the breach of fiduciary duty claim, arguing that it does not

owe Gaddy a fiduciary duty.  Gaddy alleges that "a fiduciary relationship existed between

[herself] and Defendants pursuant to the terms of the contract, and Defendants owed [her] a

fiduciary duty to . . . provide the insurance benefits requested."  (Compl. ¶ 22).  According to

Gaddy, "Defendants breached their fiduciary duty by not providing the insurance benefits for

4

which the policies purchased by [Gaddy] were to provide . . . .  Since [Defendants] have failed to

pay benefits contracted for and due and owing [to Gaddy], Defendants have breached that duty."

(Id. ¶ 25.)  Consolidated argues that it is not a fiduciary of Gaddy and therefore did not owe her a

fiduciary duty.

"A confidential or fiduciary relationship exists when one imposes a special confidence in

another, so that the latter, in equity and good conscience, is bound to act in good faith and with

due regard to the interests of the one imposing the confidence."  Island Car Wash, Inc. v. Norris,

358 S.E.2d 150, 152 (S.C. Ct. App. 1987).  "To constitute a fiduciary relationship, the

relationship must be more than a casual relationship."  Steele v. Victory Sav. Bank, 368 S.E.2d

91, 93 (S.C. Ct. App. 1988).

Consolidated procures, sells, and issues insurance policies.  (Compl. ¶ 2.)  In the instant

case, Consolidated's agent sold insurance policies which were issued to Gaddy by Guardian and

Berkshire.  Gaddy now contends that a fiduciary relationship was established during the process

of procuring and purchasing insurance.

> [T]he sale of insurance is an arm's length commercial transaction, which does not
> give rise to a fiduciary relationship.  Because an applicant is still operating in the
> marketplace at the point of purchase, the insurer is in a decidedly different
> position than after the contract has been entered into; thus, no heightened duty has
> attached.

Pitts v. Jackson Nat'l Life Ins. Co., 574 S.E.2d 502, 508 (S.C. Ct. App. 2002).  As such, "an

applicant for an insurance policy does not stand in a fiduciary relationship with the insurer" and a

"claim of a fiduciary relationship [can]not rest upon the mere relationship of insurer and

insured."  Id. (internal quotation marks omitted).  "[N]o fiduciary relationship was created merely

by the application for insurance" and Consolidated did not owe Gaddy a fiduciary duty.  Id.

Therefore, Consolidated's motion to dismiss Gaddy's claim for breach of fiduciary duty is

granted.

### 4. Negligent Misrepresentation

Consolidated moves to dismiss Gaddy's negligent misrepresentation claim.  Gaddy

alleges that "Defendants . . . misrepresented to [Gaddy] that riders existing on the policies would

automatically be removed from the policies after two years of being in effect."

 (Compl. ¶ 28.)  Citing Foxfire Village, Inc. v. Black & Veatch, Inc., 404 S.E.2d 912, 918,

(S.C. Ct. App. 1991), Consolidated contends that "any duty Consolidated . . . owed to [Gaddy]

arose merely from the agreement of the parties.  The breach of any duty is based in contract and

does not create a cause of action for negligent conduct."  (Def.'s Mem. Supp. Mot. Dismiss 6.)

In Firefox, the court held that, "[a]s a matter of law, if the duty owed arises merely from

agreement of the parties, breach of the duty does not create a cause of action for negligent

conduct."  404 S.E.2d at 918.

Consolidated sold Gaddy the two insurance policies at issue in the instant litigation.

Gaddy alleges that Consolidated's statements made *prior to* entering into the insurance contracts

were false and the "Defendant Consolidated . . . owed a duty of care to see that truthful

information was communicated to [Gaddy] through their agent."  (Pl.'s Mem. Opp'n Mot.

Dismiss 5.)  Gaddy does not argue that Consolidated's duty to provide truthful information arose

from an agreement between the parties.  Gaddy purchased the insurance policies after the alleged

negligent representation was made.  (Compl. ¶ 31.)

To establish liability for negligent misrepresentation,  a plaintiff must show

(1) the defendant made a false representation to the plaintiff; (2) the defendant
had a pecuniary interest in making the representation; (3) the defendant owed a
duty of care to see that he communicated truthful information to the plaintiff;
(4) the defendant breached that duty by failing to exercise due care; (5) the
plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a
pecuniary loss as the proximate result of his reliance upon the representation.

Sauner v. Pub. Serv. Auth. of South Carolina, 581 S.E.2d 161, 166 (S.C. 2003) (internal

quotation marks omitted).  Gaddy asserts that Consolidated's agent, in an attempt "to procure the

policies of insurance, . . . advised [Gaddy] that there were riders that would exist on the policy at

the time of issue.  [Gaddy] was further advised that the riders would automatically be removed

from the policies after two years of being in effect."  (Pl.'s Mem. Opp'n Mot. Dismiss 5.)

A plaintiff may establish a claim for negligent misrepresentation "where the misrepresented

fact(s) induced the plaintiff to enter a contract or business transaction."  Redwend Ltd. P'ship v.

Edwards, 581 S.E.2d 496, 504 (S.C. Ct. App. 2003).  Based on the foregoing, the court finds that

Gaddy's claim against Consolidated as pleaded states a claim for negligent misrepresentation.

Therefore, Consolidated's motion to dismiss the claim for negligent misrepresentation is denied.

### 5.  Bad Faith Refusal to Pay Benefits

Next, Consolidated moves to dismiss Gaddy's claim for bad faith refusal to pay benefits

because "Guardian and/or Berkshire are the insurance companies responsible for paying any

benefits owed under the policies, not Consolidated . . . , the procuring agent."  (Def.'s Mem.

Supp. Mot. Dismiss 6.)  Bad faith refusal to pay benefits is a cause of action against an insurer,

not an insurance agency.

> Bad faith refusal to pay . . . benefits under a contract of insurance includes: (1) the existence of a mutually binding contract of insurance between the plaintiff and defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

Mixson, Inc. v. Am. Loyalty Ins. Co., 562 S.E.2d 659, 661 (S.C. Ct. App. 2002). Consolidated is not the insurer under Gaddy's insurance policy. Therefore, the complaint fails to state a claim against Consolidated, an insurance agency, for bad faith refusal to pay insurance benefits. Moreover, in her response to Consolidated's motion to dismiss, Gaddy fails to address Consolidated's argument for dismissal of this claim. Accordingly, Consolidated's motion to dismiss the bad faith refusal to pay benefits claim is granted.

### 6. Improper Claims Practice

Next, Consolidated moves to dismiss Gaddy's claim for improper claims practice under the Improper Claims Practices Act, S.C. Code Ann. § 38-59-20, et seq. (the "Act"). Gaddy alleges that due "to the acts of the Defendants in refusing to pay legitimate claims, Defendants have violated [the] Improper Claims Practice[s] [Act]." (Compl. ¶ 40.) "[S]ection 38-59-20 does not create a statutory private cause of action for first-party claimants" like Gaddy. Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co., 241 F. Supp. 2d 572, 578 (D.S.C. 2002). Furthermore, the Act clearly states that only "acts by an insurer" are subject to the Act. § 38-59-20. Consolidated is not the insurer in this case, thus Gaddy's claim against Consolidated for violation of the Act is without merit. Accordingly, the court grants Consolidated's motion to dismiss Gaddy's claim against Consolidated for violating the Act.

### 7. Waiver and Estoppel

Finally, Consolidated moves to dismiss Gaddy's waiver and estoppel claim on the ground that Consolidated "does not accept or reject claims." (Def.'s Mem. Supp. Mot. Dismiss 7.) "Waiver is the voluntary and intentional relinquishment of a known right . . . . Waiver, like estoppel, is an affirmative defense and the burden of proof is upon the party who asserts it." Provident Life and Accident Ins. Co. v. Driver, 451 S.E.2d 924, 928-29 (S.C. Ct. App. 1994). Gaddy alleges that "Defendants . . . have waived any right and defense to denying the claims." (Compl. ¶ 42.) Consolidated, however, is not responsible for paying Gaddy's insurance claims.

Furthermore, Consolidated cannot materially prejudice Gaddy by denying her claims because it is not Gaddy's insurer. "[A]n essential element of the defense of equitable estoppel is material prejudice to the party asserting the defense resulting from the act or neglect of the party against whom it is asserted." Harvey v. Art Metal, Inc., 147 S.E.2d 697, 701 (S.C. 1966). Based on the foregoing, the court grants Consolidated's motion to dismiss Gaddy's claim against Consolidated for waiver and estoppel.

It is therefore

**ORDERED** that Consolidated's motion to dismiss, docket number 8, is granted in part and denied in part as set forth in this Order.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 18, 2009

9