IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Susan Gaddy, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-837-HMH-KFM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| The Guardian Life Insurance Company of America, Berkshire Life Insurance Company of America, Consolidated Planning, Inc., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]

Plaintiff Susan Gaddy ("Gaddy") filed the instant action on August 13, 2008 in the Court of Common Pleas for Greenville County, South Carolina. Defendants Berkshire Life Insurance Company of America ("Berkshire") and The Guardian Life Insurance Company of America ("Guardian") removed the case to federal court on April 1, 2009. Defendant Consolidated Planning, Inc., ("Consolidated") filed a motion for summary judgment on January 22, 2010. Gaddy filed a motion for summary judgment against Consolidated on January 25, 2010. On

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

February 16, 2010, Guardian and Berkshire filed a motion for summary judgment. Gaddy filed a motion for summary judgment against Guardian and Berkshire on March 17, 2010. Additionally, Gaddy filed five non-dispositive motions on February 19, 2010, February 24, 2010, February 26, 2010, March 8, 2010, and March 22, 2010. Gaddy filed an amended motion for summary judgment on March 31, 2010.

Magistrate Judge McDonald recommends granting Defendants' motions for summary judgment, denying Gaddy's motions for summary judgment, and denying Gaddy's non-dispositive motions as moot. Gaddy filed objections on June 30, 2010. Defendants filed replies to Gaddy's objections on July 14, 2010.

## I. Factual and Procedural Background

Gaddy applied for two insurance policies from Consolidated, an insurance agency, on February 3, 2001. (Compl. ¶¶ 4, 7.) On May 14, 2001, Guardian and Berkshire issued Gaddy a disability income policy and an overhead expense disability income policy. (Id. ¶¶ 8-9.) Consolidated's agent sold the policies to Gaddy. On August 17, 2005, Gaddy alleges that she became disabled. (Id. ¶ 10.) Gaddy alleges that after becoming disabled she contacted Defendants to file a claim due to her disability. (Id. ¶ 11.) Gaddy argues that Defendants have not provided her with "benefits due and owing under [her insurance] policies." (Id. ¶ 12.) Gaddy filed suit against Defendants on August 13, 2008, alleging claims for breach of contract, breach of fiduciary duty, negligent misrepresentation, bad faith refusal to pay benefits, improper claims practices, and waiver and estoppel. (Compl., generally.) Consolidated filed a motion to dismiss on April 10, 2009. This court granted in part and denied in part Consolidated's motion on

May 18, 2009. (May 18, 2009 Order.) The only remaining claims against Consolidated are breach of contract and negligent misrepresentation.

## II. DISCUSSION OF LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B. Report and Recommendation**

Magistrate Judge McDonald recommends denying Gaddy's motions for summary judgment and granting Defendants' motions for summary judgment because Gaddy "does not raise any issue of material fact as to her claims" and "does not address the merits of the claims . . . raised in her complaint." (Report and Recommendation 18, 27.) The magistrate judge also recommends denying Gaddy's non-dispositive motions. (Id. at 28.)

**C. Objections**

Gaddy filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Gaddy's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims. However, Gaddy filed one specific objection. Gaddy "objects to the magistrate's recommendation that [she] failed to establish negligent misrepresentation against Consolidated" because "she has described in great detail the lengths to which [Consolidated] has taken to defraud [her]." (Objections 3.)

Gaddy alleges that Consolidated's employee Frances Simons ("Simons") "misrepresented to [her] that riders existing on [her insurance] policies would automatically be removed from the

policies after two years of being in effect." (Compl. ¶ 28.); (Consolidated Mem. Supp. Summ. J. Ex. 4 (Gaddy Dep. 479).) To establish liability for negligent misrepresentation, a plaintiff must show

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

Sauner v. Pub. Serv. Auth. of South Carolina, 581 S.E.2d 161, 166 (S.C. 2003) (internal quotation marks omitted).

Gaddy alleges that Simons informed her that any riders on her insurance policies would be removed two years after the policy began. (Compl. ¶ 28.); (Consolidated Mem. Supp. Summ. J. Ex. 4 (Gaddy Dep. 479-84).) Specifically, the rider at issue is entitled "Physical Impairment Rider (Exclusion of Coverage)," which excludes benefits for "loss resulting from any disability contributed to or caused by any mental or nervous disease or disorder." (Consolidated Mem. Supp. Summ. J. Ex. 4 (Insurance Policy #1 ) & Ex. 5 (Insurance Policy #2).) This rider is contained in both of Gaddy's insurance policies purchased from Consolidated. (Id. Ex. 4 (Insurance Policy #1 ) & Ex. 5 (Insurance Policy #2).) However, this rider was not the basis for any denial of benefits by Guardian or Berkshire. The benefits were denied because "her claim for residual disability benefits . . . is a recurrence of a claim she previously released." (Guardian/Berkshire Mem. Supp. Summ. J. 1.) As such, Gaddy has not demonstrated that the alleged misrepresentation has caused her to suffer any pecuniary loss. In fact, the majority of Gaddy's memorandum in opposition to Consolidation's motion for summary judgment as well as her motion for summary judgment fail to provide any evidence to support her negligent

5

misrepresentation claim outside of her blanket allegation that Simons made a false representation.

In her objections, Gaddy alleges that the rider "has been used to deny [her] 2005 claim because of overlapping symptoms associated with all chronic pain conditions including fibromyalgia." (Objections 4.) However, chronic pain conditions do not fall within the scope of the physical impairment rider. Moreover, when asked if she has ever made a claim based on a mental or emotional disorder, Gaddy consistently answered, "I don't think that I have." (Consolidated Mem. Supp. Summ. J. Ex. 4 (Gaddy Dep. 412-13, 492).) Gaddy has failed to provide any evidence that she has been denied any insurance benefits due to the application of the physical impairment rider.

A plaintiff may also establish a claim for negligent misrepresentation "where the misrepresented fact(s) induced the plaintiff to enter a contract or business transaction." Redwend Ltd. P'ship v. Edwards, 581 S.E.2d 496, 504 (S.C. Ct. App. 2003). Gaddy admits that the alleged misrepresentation was made *after* her insurance policy had already been issued. (Consolidated Mem. Supp. Summ. J. Ex. 4 (Gaddy Dep. 469-70).) As such, the alleged misrepresentation could not have induced her to enter into the insurance agreement because it was made after she had entered into the insurance contracts with Guardian and Berkshire. Accordingly, the court finds that Gaddy's objection is without merit.

Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge McDonald and grants Defendants' motions for summary judgment and denies Gaddy's motions for summary judgment.

It is therefore

**ORDERED** that Defendants' motions for summary judgment, docket numbers 80 and 97, are granted; it is further

**ORDERED** that Plaintiff's motions for summary judgment, docket numbers 84, 124 and 133, are denied; it is further

**ORDERED** that Plaintiff's motions for sanctions, docket numbers 103 and 111, are denied as moot; it is further

**ORDERED** that Plaintiff's motion to vacate state court order, docket number 109, is denied as moot; it is further

**ORDERED** that Plaintiff's motion to consolidate cases under the multidistrict litigation panel, docket number 127, is denied as moot; and it is further

**ORDERED** that Plaintiff's motion to compel discovery, docket number 104, is denied as moot.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
July 23, 2010

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.