IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Susan Gaddy, | ) |
|               Plaintiff, | ) C.A. No. 6:09-837-HMH |
| vs. | ) **OPINION AND ORDER** |
| Guardian Life Insurance Company of America, Berkshire Life Insurance Company of America, Consolidated Planning, Inc., | ) |
|               Defendants. | ) |

This matter is before the court on Consolidated Planning, Inc.'s ("Consolidated") motion for attorney fees and sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The court dismissed Susan Gaddy's ("Gaddy") breach of fiduciary duty, bad faith refusal to pay benefits, improper claims practice, and waiver and estoppel claims on May 18, 2009. Gaddy's attorney was relieved as counsel on August 28, 2009, and thereafter Gaddy proceeded pro se.[1] On July 23, 2010, the court granted the defendants' motion for summary judgment on Gaddy's remaining claims. Consolidated now seeks to recover attorney fees as a sanction for Gaddy's violation of Rule 11 and § 1927.

The decision to impose sanctions rests within the sound discretion of the district court. Deadwyler v. Volkswagen of Am., Inc., 884 F.2d 779, 784 (4th Cir. 1989). Rule 11 authorizes sanctions when a submission is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," when legal contentions are

---

[1] Gaddy is an attorney licensed to practice in South Carolina.

1

unwarranted by existing law, or when factual contentions are devoid of evidentiary support. Fed. R. Civ. P. 11(b)-(c). To determine whether sanctions are warranted under Rule 11, courts apply an objective standard, asking "whether a reasonable attorney in like circumstances would believe his actions to be factually and legally justified." In re Edmond, 934 F.2d 1304, 1313 (4th Cir. 1991) (internal quotation marks omitted). Alternatively, the court may issue sanctions under 28 U.S.C. § 1927 if the court concludes that counsel "unreasonably and vexatiously" pursued frivolous claims. When determining whether sanctions are proper under § 1927, courts must focus "on the conduct of the litigation and not on its merits." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1991).

Consolidated argues that Gaddy's conduct throughout the case was objectively unreasonable. (Def's Mem. Supp. Mot. for Att'ys Fees and Sanctions, generally.) Specifically, Consolidated contends that the allegations were frivolous and that Gaddy's behavior was "overwhelmingly egregious." (Id. at 16.) The court disagrees.

While summary judgment was granted in Consolidated's favor, Consolidated has not persuaded the court that Gaddy's conduct was so unreasonable that the court should sanction Gaddy pursuant to either Rule 11 or § 1927. Because the court finds that Gaddy's claims were not unreasonable, frivolous, or without foundation, Consolidated's motion is denied.

It is therefore

**ORDERED** that Defendant's motion for attorney fees and sanctions, docket number 157, is denied.

**IT IS SO ORDERED.**

                                                           s/Henry M. Herlong, Jr.
                                                           Senior United States District Judge

Greenville, South Carolina
September 15, 2010